Marshall, C. J.
This is an original action in mandamus in this court in which the petition alleges that the relator brought its action in forcible entry and detainer in the municipal court of Cleveland against one David Langman, to recover possession of certain real estate, resulting in judgment for the defendant; that thereafter, within the time limited by law, a bill of exceptions was prepared and allowed, a transcript obtained, and a petition in error tendered to the Court of Appeals of Cuyahoga county, seeking to have the Court of Appeals review the proceedings of the municipal court; and that the clerk of the Court of Appeals refused to receive and file the petition in error, on the ground that the relator had not procured leave of the Court of Appeals to file the same, as provided in Section 1579-36, General Code of Ohio. That section of the Code is a part of the act establishing the municipal court for the city of Cleveland, being the section in which provision is made for proceedings in error to the Court of Appeals. Without quoting the entire section, it will be found that it contains the following pertinent provision:
“That in actions in forcible entry and detention the party objecting to the finding of the court on *559 questions of law and evidence shall reduce his objections to writing and present same to the trial court not more than ten days after the overruling of a motion for a new trial of said action, and no petition in error to reverse, modify or vacate the judgment or final order in such cases shall be filed in the Court of Appeals except upon leave of said Court of Appeals or a judge thereof, and upon notice of such application being first given to the opposite party.”
It is admitted that the proceedings complied with that section in all respects, except that of obtaining the leave of the court or a judge thereof. The. question for determination is whether the provision above quoted transcends the constitutional power of the Legislature. It requires no logic to show that that section not only seeks to confer certain jurisdiction upon the Court of Appeals, but also seeks to impose certain conditions upon the right to exercise that- jurisdiction.
The legislative power upon this subject must be measured by the provisions of Section 6, Article IV, of the Ohio Constitution, as amended in 1912. We quote that portion of the section applicable to this controversy:
“The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate' jurisdiction in the trial of chancery cases, and to review, affirm, modify, or reverse the judgments of the court of common pleas, superior court and other courts of record within the district as may be provided by, law. * * .
*560 Nearly eight years ago this court construed that language of the Constitution in the case of Cincinnati Polyclinic v. Balch, 92 Ohio St., 415, 111 N. E., 159, and in language not to be misunderstood declared that the jurisdiction of the Court of Appeals is fixed by the Constitution, and that the Legislature may neither add to nor subtract from the jurisdiction therein defined. It is the spirit of that decision that litigants may prosecute error to the Court of Appeals from any court of record, and that the Court of Appeals itself may not limit or abridge that right; neither may the Legislature impose any limitations thereon. Whatever members of the bench and bar may have thought of the conclusions of this court in that case at that time, the decision declared the meaning of the Constitution in clear and concise language, and that decision has been cited and followed in many subsequent cases. For nearly eight years the Legislature has had notice of that declaration, and during that period other sections of the code have been construed and administered in harmony therewith, and during the same period the people have had ample opportunity to modify the constitutional provision relating to jurisdiction of the Court of Appeals, which they have not seen fit to do. The Constitution is the basic law of our state, and it is of the first importance that there be stability in that basic law, and certainty in the definition and meaning of its provisions.
We may deplore the growing uncertainties and contradictions of the common law, and we may wish that the truth may be established and respected, realizing at the same time that scientific exactness in the statement of legal principles is a Utopian *561 dream, which every year grows more distant and doubtful; but it would be little short of calamitous to permit the Constitution of our state to become the football of fluctuating decisions-, thereby not only disturbing its stability, but destroying its usefulness. There can be no. difference in principle between the case at bar and the case of Cincinnati Polyclinic v. Balch, and upon the theory of that case and the numerous cases in which it has been cited and followed it must be declared that the portion of Section 1579-36 above quoted is unconstitutional and void.
It follows that it was the duty of the clerk to file the petition without leave first obtained, and the peremptory writ of mandamus will therefore be allowed. '

Writ allowed.

Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.